IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLES LEE VANDAGRIFF, | § | |
| TDCJ #1175876, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-04-3224 |
| | § | |
| DOUG DRETKE, Director, | § | |
| Texas Department of Criminal Justice - | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

The petitioner, Charles Lee Vandagriff, is currently in custody of the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). Vandagriff has filed a petition for a federal writ of habeas corpus under 28 U.S.C. § 2254, seeking relief from a state court conviction. The respondent has answered with a motion for summary judgment, arguing that Vandagriff is not entitled to federal habeas corpus relief. (Docket Entry No. 16). Vandagriff has filed a reply. (Docket Entry No. 15). After considering all of the pleadings, the exhibits, the state court records, and the applicable law, the Court **grants** the respondent's summary judgment motion, **denies** the petition for habeas corpus relief, and **dismisses** this case for reasons that follow.

## I.    BACKGROUND AND PROCEDURAL HISTORY

The State of Texas issued a felony complaint against Vandagriff in cause number 946440, charging him with violating Texas law by possessing a controlled substance,

namely, cocaine.  The State enhanced this charging instrument with allegations that Vandagriff had at least one prior felony conviction in 1988, for possession of a controlled substance.  On June 18, 2003, Vandagriff waived a formal indictment, pleaded guilty to the charges alleged in the complaint, and conceded that the enhancement allegation was true. As a result, the 179th District Court of Harris County, Texas, sentenced Vandagriff to eighteen years in prison.  Vandagriff did not appeal.

In November 2003, Vandagriff filed a state application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure.  In that application, Vandagriff alleged that his guilty plea was unlawfully induced, that the state failed to disclose accurate information about the proper sentencing range, that he was denied effective assistance of counsel, and that his sentence was "illegal."  The state habeas corpus court, which also presided over Vandagriff's guilty plea, recommended that habeas relief be denied after finding that Vandagriff entered his plea voluntarily after being fully admonished about the correct sentencing range.  The Texas Court of Criminal Appeals agreed and denied habeas corpus relief, without a written order, on the findings of fact and conclusions of law entered by the trial court.  *See Ex parte Vandagriff*, No. 57,787-01 (Feb. 4, 2004).

Vandagriff has now filed a federal petition for habeas corpus relief under 28 U.S.C. § 2254.  He presents three related claims.  Vandagriff contends that his guilty plea was involuntary because he only agreed to the eighteen-year sentence after the State threatened him with a "habitual" sentence of twenty-five to ninety-nine years or life in prison. Vandagriff claims that the "true range" of punishment for his offense was two to twenty

years of imprisonment and that he was not, in fact, eligible for punishment as a habitual offender.   Vandagriff complains further that his attorney was ineffective for failing to ascertain the true sentencing range before advising him to accept the plea agreement.  The respondent moves for summary judgment, arguing that Vandagriff is not entitled to relief as a matter of law.  Vandagriff disagrees.  The parties' contentions are addressed below under the governing standard of review.

## II.   **STANDARD OF REVIEW**

### A.   **Habeas Corpus Review Under 28 U.S.C. § 2254**

The federal writ of habeas corpus is an extraordinary remedy, which shall not extend to any prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §§ 2241(c)(3), 2254(a); *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993) (explaining that "the writ of habeas corpus has historically been regarded as an extraordinary remedy, a bulwark against convictions that violate fundamental fairness"). The pending federal habeas corpus petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996).  *See Lindh v. Murphy*, 521 U.S. 320 (1997).  Embodying the principles of federalism, comity, and finality of judgments, the AEDPA, codified as amended at 28 U.S.C. § 2254(d), "substantially restricts the scope of federal review of state criminal court proceedings." *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000), *cert. denied*, 532 U.S. 1067 (2001). Specifically, the AEDPA has "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-

3

court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

The provisions of 28 U.S.C. § 2254(d), as amended by the AEDPA, set forth a "highly deferential standard for evaluating state-court rulings, . . . , which demands that state court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (internal citation omitted). The petitioner bears the burden to prove that he is entitled to habeas corpus relief under this deferential standard. *See DiLosa v. Cain*, 279 F.3d 259, 262 (5th Cir. 2002). For claims adjudicated on the merits, a petitioner is not entitled to relief unless the state court's conclusion:

> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362 (2000). In addition, any factual findings made by the state court in deciding a petitioner's claims are presumed correct under 28 U.S.C. § 2254(e)(1), unless the petitioner rebuts those findings with "clear and convincing evidence" to the contrary.

A federal habeas corpus court's review under the AEDPA standard is restricted to the reasonableness of the state court's "ultimate decision, not every jot of its reasoning." *Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001) (citing *Cruz v. Miller*, 255 F.3d 77, 86 (2d Cir. 2001) (noting that even where a state court makes a mistake in its analysis, "we

are determining the reasonableness of the state court's 'decision,' . . . not grading their papers.")), *cert. denied*, 535 U.S. 982 (2002).  Courts are to review pure questions of law and mixed questions of law and fact under § 2254(d)(1), and pure questions of fact under § 2254(d)(2).  *See Martin v. Cain*, 246 F.3d 471, 475 (5th Cir.), *cert. denied*, 534 U.S. 885 (2001).  A decision is "contrary to" clearly established federal law for purposes of § 2254(d)(1), "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts."  *Williams*, 529 U.S. at 413.  A decision is an "unreasonable application of federal law" for purposes of § 2254(d)(2), "if the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case."  *Id.*  To be unreasonable, the state decision must be more than merely incorrect or erroneous.  *See Lockyer v. Andrade*, 538 U.S. 63, 75 (2003).  Rather, the state court's application of clearly established law must be "objectively unreasonable."  *Id.*  Stated another way, a reversal is not required unless "the state court decision applies the correct legal rule to a given set of facts in a manner that is so patently incorrect as to be 'unreasonable.'"  *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001).

By its plain terms, the AEDPA standard of review found in § 2254(d) applies only to those claims that were adjudicated on the merits.  As a matter of law, a denial of relief by the Court of Criminal Appeals serves as an adjudication on the merits of the claim.  *See Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir.) (citing *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997)), *cert. denied*, 531 U.S. 849 (2000); *see also Singleton v. Johnson*, 178

5

F.3d 381, 384 (5th Cir. 1999) (noting that, under Texas law, a denial of relief rather than a dismissal of the claim by the Court of Criminal Appeals disposes of the merits of a claim). The petitioner did not file a direct appeal from his conviction. Therefore, the AEDPA standard applies to those claims raised properly by the petitioner before the Texas Court of Criminal Appeals in his state habeas corpus application.

**B.     Summary Judgment**

In addition to the standard supplied by the applicable federal habeas corpus statutes, the respondent's motion for summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure.  In deciding a motion for summary judgment under Rule 56, a court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).  A movant's burden is to point out the absence of evidence supporting the nonmovant's case.  *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003) (citing *Celotex*, 477 U.S. at 323; and *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996)).  To survive summary judgment, the nonmovant must submit or identify evidence in the record to show the existence of a genuine issue of material fact as to each element of the cause of action.  *Id.* (citing *Celestine v. Petroleos de Venezuella SA*, 266 F.3d 343, 349 (5th Cir. 2001)).

An issue is material if its resolution could affect the outcome of the action. *Terrebonne Parish Sch. Bd. v. Columbia Gulf Transmission Co.,* 290 F.3d 303, 310 (5th Cir. 2002) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)). In deciding whether a fact issue has been created, the facts and the inferences to be drawn from them must be reviewed in the light most favorable to the nonmoving party. *See Hotard v. State Farm Fire & Cas. Co.,* 286 F.3d 814, 817 (5th Cir. 2002). However, factual controversies are resolved in favor of the nonmovant "only when there is an actual controversy — that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Houston,* 185 F.3d 521, 525 (5th Cir. 1999).

While it is true that Rule 56 of the Federal Rules of Civil Procedure applies generally "with equal force in the context of habeas corpus cases," *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir.), *cert. denied*, 531 U.S. 831 (2000), the Fifth Circuit has held that Rule 56 applies only to the extent that it does not conflict with the habeas rules. *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002) (citing Rule 11 of the Rules Governing Section 2254 Cases in the District Courts), *cert. granted in part on other grounds, and dism'd*, 124 S. Ct. 1652 (2004). Therefore, 28 U.S.C. § 2254(e)(1) — which mandates that findings of fact made by a state court are "presumed to be correct" — overrides the ordinary rule that, in a summary-judgment proceeding, all disputed facts must be construed in the light most favorable to the nonmoving party. *See id*. Unless the petitioner can "rebut[] the presumption of correctness by clear and convincing evidence" as to the state court's findings of fact, those findings must be accepted as correct. *See id.*

7

The nonmovant's burden is not met by mere reliance on the allegations or denials in the nonmovant's pleadings. *See Morris v. Covan Worldwide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998); *see also Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002) (noting that "unsworn pleadings do not constitute proper summary judgment evidence") (quoting *Johnston v. City of Houston*, 14 F.3d 1056, 1060 (5th Cir. 1994)). Likewise, "unsubstantiated or conclusory assertions that a fact issue exists" do not meet this burden. *Id.* Instead, the nonmoving party must present specific facts which show "the existence of a 'genuine' issue concerning every essential component of its case." *Id.* In the absence of any proof, the Court will not assume that the nonmovant could or would prove the necessary facts. *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995), *revised on other grounds upon denial of reh'g*, 70 F.3d 26 (5th Cir. 1995); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

The petitioner proceeds *pro se* in this case. Courts construe pleadings filed by *pro se* litigants under a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519 (1972); *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999). Pleadings filed by a *pro se* litigant are entitled to a liberal construction that affords all reasonable inferences which can be drawn from them. *See Haines*, 404 U.S. at 521; *see also United States v. Pena*, 122 F.3d 3, 4 (5th Cir. 1997) (citing *Nerren v. Livingston Police Dept.*, 84 F.3d 469, 473 & n.16 (5th Cir. 1996)). Nevertheless, "the notice afforded by the Rules of Civil Procedure and the local rules" is considered "sufficient" to advise a *pro se*

party of his burden in opposing a summary-judgment motion. *See Martin v. Harrison County Jail*, 975 F.2d 192, 193 (5th Cir. 1992).

## III.   DISCUSSION

### A.   Expansion of the Record

Before addressing the merits of the petition, the Court pauses to consider certain issues raised by Vandagriff about evidence presented by the parties to expand the record. Vandagriff has filed a motion to expand the record to include a letter written by his former criminal defense counsel, Jerome Godinich (Docket Entry No. 16). Vandagriff has also lodged objections to evidence submitted by the respondent to supplement the record (Docket Entry No. 19). That evidence consists of numerous felony criminal judgments against Vandagriff from the State of Florida.

Expansions of the record are governed by Rule 7 of the Rules Governing Section 2254 Cases in the United States District Courts. According to Rule 7(a), the district court may "direct the parties to expand the record by submitting additional materials relating to the petition." According to the Advisory Committee Note, the "purpose" of Rule 7 "is to enable the judge to dispose of some habeas petitions . . . without the time and expense required for an evidentiary hearing." *See Blackledge v. Allison*, 431 U.S. 63, 82 & nn.24, 25 (1977). Vandagriff's contentions are addressed separately below.

### 1.   The Letter from Vandagriff's Counsel

The letter from Godinich is addressed to the Office of the Chief Disciplinary Counsel for the State Bar of Texas. The letter was apparently written in response to a grievance filed

9

against Godinich by Vandagriff.  Vandagriff presents the letter as evidence in support of his claim for ineffective assistance of counsel.  Vandagriff argues that the letter is proof that Godinich gave him erroneous information prior to the guilty plea about whether Vandagriff was eligible for sentencing as a habitual offender.[1]  Vandagriff concedes that the letter was not presented to the state habeas corpus court.  He notes, however, that the letter is dated December 18, 2003, which is after the state habeas corpus court entered its findings of fact and conclusions of law on December 4, 2003.  Vandagriff argues, therefore, that the letter was unavailable when his state application was filed.

The respondent correctly points out that the letter is unexhausted because it was never presented to the state courts.[2]  The Court notes also that the letter is presented out of context. Vandagriff does not indicate when he received the letter or whether he attempted to forward a copy to the Texas Court of Criminal Appeals before it ruled on his habeas application on February 4, 2004.  Vandagriff does not include a copy of the grievance that he filed against Godinich, or any correspondence from the State Bar.  Nor does he provide any information

---

[1]     The contents of the letter are discussed more fully below in connection with Vandagriff's claim for ineffective assistance of counsel.

[2]     The Fifth Circuit has recognized that a petitioner fails to exhaust his state remedies under 28 U.S.C. § 2254(b) when he tenders material, additional evidentiary support that was not presented to the state court.  *See Graham v. Johnson*, 94 F.3d 958, 968 (5th Cir. 1996) (citing *Joyner v. King*, 786 F.2d 1317, 1320 (5th Cir.) (holding that the policies underlying the exhaustion doctrine require that "new factual allegations in support of a previously asserted legal theory" be first presented to the state court), *cert. denied*, 479 U.S. 1010 (1986); *Brown v. Estelle*, 701 F.2d 494, 495-96 (5th Cir. 1983) (holding that when a claim is filed in federal court in a significantly stronger evidentiary posture than it was before the state court, it must be dismissed for failure to exhaust state remedies)).

about the result of the grievance against Godinich.  Despite these deficiencies of proof, the Court will grant the motion to expand the record and will consider the letter.  For reasons set forth more fully below, however, the letter does not affect the result in this case.

### 2.    Vandagriff's Criminal Records from Florida

In addition to the state court records of Vandagriff's guilty plea proceeding, the respondent has also supplemented the record to include additional criminal records of convictions entered against Vandagriff in the State of Florida (Docket Entry No. 18).  In a motion requesting "clarification" of the issues, Vandagriff objects that the Florida convictions are "not relevant" (Docket Entry No. 19).  In its Order to Respond dated August 17, 2004, the Court directed the respondent to provide a variety of materials relevant to the petition (Docket Entry No. 3).  As discussed below, the records provided by the respondent regarding Vandagriff's lengthy criminal record in Florida are relevant to the prospective sentence that he faced in Texas when he entered the guilty plea at issue.  Vandagriff's objections to the criminal record are without merit and are overruled.

### B.    Involuntary Guilty Plea

Vandagriff's main complaint is that his guilty plea was involuntary because the State coerced or threatened him with false information about the potential sentencing range that he faced.  Specifically, Vandagriff claims that he elected to plead guilty in exchange for an eighteen-year sentence only after the State threatened to use some of his other prior convictions, including a state jail felony and another felony conviction from the State of Florida, to enhance his prospective sentence as a "habitual" offender.  If eligible for

punishment as a habitual offender, Vandagriff could have faced a sentence of twenty-five to ninety-nine years or life in prison, instead of the two to twenty-year punishment range that he faced if he elected to plead guilty to the complaint.  Vandagriff contends that this threat was false because neither the state jail felony nor any of his felony convictions from Florida could be used to enhance his sentence.  Thus, Vandagriff maintains that he was induced to plead guilty based on a misrepresentation by the State.

A guilty plea will be upheld on collateral review if entered into voluntarily, intelligently, and knowingly.  *Montoya v. Johnson*, 226 F.3d 399, 405 (5th Cir. 2000) (citing *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995)).  The test for determining the validity of a guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant."  *North Carolina v. Alford*, 400 U.S. 25, 31 (1970).  To prevail, Vandagriff must show that his plea was "so much the product of . . . misunderstanding, duress, or misrepresentation by others as to make the guilty plea a constitutionally inadequate basis for imprisonment." *Blackledge v. Allison*, 431 U.S. 63, 75 (1977).  As set forth below, the record in this case undercuts any claim by Vandagriff that his plea was not voluntarily made.

The complaint in this case charged Vandagriff with possession of a controlled substance, namely, one to four ounces of cocaine.  *See Ex parte Vandagriff*, No. 57,787-01 at 51.  Under Texas law at the time of the offense, possession of cocaine in this amount was a third degree felony subject to punishment of between two and ten years imprisonment. *See* TEX. PENAL CODE § 12.34.  The complaint contained an enhancement allegation which

12

stated that Vandagriff had a prior 1988 felony conviction for possession of a controlled substance from the 248th District Court of Harris County, Texas.  *See Ex parte Vandagriff*, No. 57,787-01 at 51.  The enhancement paragraph elevated the primary offense alleged in the complaint from a third degree felony to a second degree felony, meaning that Vandagriff faced a sentence of between two and twenty years in prison.  *See* TEX. PENAL CODE § 12.42(a)(3).

The state habeas corpus court, which also presided over the guilty plea proceeding, found that Vandagriff was fully admonished of the consequences of the plea and that he appeared to understand those consequences.  *See Ex parte Vandagriff*, No. 57,787-01 at 62-63.  Pointing to the waiver and judicial confession, the state habeas court found further that Vandagriff had freely, knowingly, and voluntarily executed his plea after consulting with his attorney and that he understood the punishment range for his offense was between two and twenty years.  *Id.* at 63.  The written judicial confession contains a plain statement of the charges that Vandagriff faced:

> In open court and prior to entering my plea, I waive the right of trial by jury. I also waive the appearance, confrontation, and cross-examination of witnesses, and my right against self-incrimination.  The charges against me allege that in Harris County, Texas, CHARLES LEE VANDAGRIFF, hereafter styled the Defendant, heretofore on or about APRIL 23, 2003, did then and there unlawfully, intentionally and knowingly possess a controlled substance, namely, COCAINE, weighing more than 1 gram and less than 4 grams by aggregate weight, including any adulterants and dilutants.
>
> AGAINST THE PEACE AND DIGNITY OF THE STATE.

13

*Ex parte Vandagriff*, No. 57,787-01 at 51.  The confession stipulates further that, before the commission of the above-referenced offense, Vandagriff received a prior felony conviction on January 13, 1988, in the 248th District Court of Harris County, Texas, for possession of a controlled substance. *Id.*  The confession is signed by the defendant, his attorney, the prosecutor, and the trial judge, who opined further that the guilty plea was voluntary:

> This document was executed by the defendant, his attorney, and the attorney representing the State, and then filed with the papers of the case.  The defendant then came before me and I approved the above and the defendant entered a plea of guilty.   After I admonished the defendant of the consequences of his plea, I ascertained that he entered it knowingly and voluntarily after discussing the case with his attorney.  It appears that the defendant is mentally competent and the plea is free and voluntary.  I find that the defendant's attorney is competent and has effectively represented the defendant in this case.  . . . .

*Id.* at 52.  The record also contains an additional four pages of admonishments and admissions by the defendant, each of which is initialed by Vandagriff.  *Id.* at 55-59.  The admonishments clearly show that Vandagriff understood that he faced "a term of not more than 20 years or less than 2 years" in prison for the third degree felony offense charged, enhanced with one prior felony conviction, and that his guilty plea was "freely and voluntarily made."  *Id.* at 56, 59.

The record in this case establishes that Vandagriff was fully admonished in writing and in open court about the nature of the charges against him, his constitutional rights, and the consequences of entering a guilty plea.  The record further reflects that Vandagriff was informed of the applicable two to twenty-year sentencing range.  Vandergriff does not dispute that he was so informed or that the two to twenty-year range was correct based on

14

the offenses alleged in the complaint.  The written documentation in the record more than adequately manifests Vandagriff's understanding of the charges and the consequences, demonstrating that his decision to plead guilty was both knowing and voluntary.  The United States Supreme Court has held that "solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).  Vandagriff presented no evidence to rebut this presumption at the state level, and he includes none here that would shake the state habeas corpus court's findings.

Vandagriff admits that he voluntarily accepted the plea.  He complains, however, that he did so only after receiving incorrect information from the prosecutor and from his defense attorney about the applicable punishment range that he could face if the complaint were further enhanced with some of his other felony convictions.  As referenced above, Vandagriff complains that he was mistakenly told that a prior state jail felony conviction from 2001 and at least one of his felony convictions from the State of Florida could be used to enhance his sentence further.

Vandagriff correctly notes that a previous conviction for a state jail felony may not be used for enhancement purposes under the Texas habitual offender statute.  *See* TEX. PENAL CODE § 12.42(e).  Vandagriff's felony convictions from the State of Florida are another story.  The State has supplemented the record in this case with criminal judgments showing that Vandagriff has numerous felony convictions from Florida (Docket Entry No. 18). Those convictions include: a third degree felony for solicitation to deliver cocaine in cause number 91-2936; a third degree felony for burglary of a structure and a second degree

15

felony for dealing in stolen property in cause number 90-18439; a third degree felony for grand theft in cause number 9-18549; a third degree felony for burglary of a dwelling, two third degree felony counts of grand theft, two second degree felony counts of dealing in stolen property, and a misdemeanor for petit theft in cause number 91-14356; a second degree felony for burglary of a dwelling, a third degree felony for possession of burglary tools, as well as two misdemeanor offenses in cause number 91-14921; and felony convictions for armed burglary of a dwelling and "grand theft firearm" in cause number 91-14358 (Docket Entry No. 18).  Vandagriff does not dispute the accuracy of these records or otherwise contest that these felony convictions were validly entered against him in the State of Florida.

Under the Texas habitual offender scheme, felony convictions obtained out of state can be used to properly enhance a defendant's sentence.  *See, e.g., Sparks v. State*, 809 S.W.2d 773 (Tex. App.—Houston [14th Dist.] 1991, pet. ref'd) (reviewing a Texas conviction and sentence enhanced with a Florida conviction); *Dula v. State*, 679 S.W.2d 601 (Tex. App.—Houston [1st Dist.] 1984, pet. ref'd) (reviewing a Texas conviction and sentence enhanced with a conviction from Wisconsin); *see also* 2 TEXAS CRIMINAL PRACTICE GUIDE § 41.05[3][e] ("Felony convictions rendered by federal courts and the courts of other states may be used to enhance punishment.").  Thus, to the extent that Vandagriff complains that the prosecutor misrepresented whether he was eligible for sentencing as a habitual offender, Vandagriff is mistaken.  It follows that Vandagriff has not shown that his guilty plea was induced by a false threat.

The record in this case establishes that Vandagriff's guilty plea was voluntarily and knowingly made after he was admonished of the correct sentencing range applicable to the criminal complaint and accurate information about whether prior felony convictions against him could warrant a habitual sentence. Vandagriff has not demonstrated that the state court's decision to reject his claims was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent. Accordingly, Vandagriff is not entitled to federal habeas corpus relief on his claim that he was somehow induced to plead guilty because he received incorrect information about the potential range of punishment.

## C.   Ineffective Assistance of Counsel

Vandagriff complains that Godinich was ineffective for advising him erroneously about whether he faced a habitual sentence. Claims for ineffective assistance of counsel are analyzed under the well-settled standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). The state habeas corpus court reviewed Vandagriff's allegations and found that he failed to show that his attorney's representation was deficient or that his actions somehow improperly affected Vandagriff's decision to plead guilty. *See Ex parte Vandagriff*, No. 57,787-01 at 64. Because Vandagriff's ineffective-assistance claim was previously considered and rejected by the Texas courts on state habeas review, the state court's decision will be overturned only if it is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *see also Valdez v. Cockrell*, 274 F.3d 941, 946 (5th Cir. 2001)

17

(explaining that a claim of ineffective assistance of counsel presents a mixed question of law and fact), *cert. denied*, 537 U.S. 883 (2002).

To prevail under the *Strickland* standard, a defendant must demonstrate both constitutionally-deficient performance by counsel and actual prejudice as a result of the alleged shortcoming.  *See Williams v. Taylor*, 529 U.S. 390, 390-91 (2000).  Counsel's performance is constitutionally deficient if it falls below an objective standard of reasonableness.  *See United States v. Bass*, 310 F.3d 321, 325 (5th Cir. 2002).  To prove prejudice, the defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that rendered the result unreliable." *Strickland*, 466 U.S. at 687.

In this instance, Vandagriff alleges that he received ineffective assistance in connection with his guilty plea.  The Supreme Court has held that the two-part *Strickland* test applies where a defendant challenges a guilty plea based on ineffective assistance of counsel with the following modification:

> The second, or "prejudice," requirement . . . focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process.  In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985).  Clarifying the prejudice requirement further, the Supreme Court has emphasized that a petitioner must demonstrate that "counsel's deficient performance caused the outcome to be unreliable or the proceeding to be fundamentally unfair."  *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993).  Thus, a reviewing court must consider the following:

(1)     whether, but for counsel's error, the defendant would not have pled guilty but would have insisted upon going to trial; and

(2)     whether counsel's deficient performance caused the outcome to be unreliable or the proceeding to be fundamentally unfair.

*See Mangum v. Hargett*,  67 F.3d 80, 84 (5th Cir. 1995), *cert. denied*, 516 U.S. 1133 (1996); *Armstead v. Scott*, 37 F.3d 202, 207 (5th Cir. 1994), *cert. denied*, 514 U.S. 1071 (1995).

In spite of the fact that his lengthy criminal record meant that he faced a minimum twenty-five year sentence if convicted, Vandagriff suggests that he would not have taken the eighteen-year plea agreement and would have insisted upon a trial in this case if his trial counsel had not given him erroneous advice.  Specifically, Vandagriff maintains that Godinich's performance was deficient because he wrongly asserted that a "state jail felony" conviction that Vandagriff received in 2001, for possession of cocaine, could be used to enhance his punishment under the Texas habitual offender statutes.  In support, Vandagriff points to the letter from Godinich dated December 18, 2003, which outlines the following information about Vandagriff's criminal record:

Mr. Vandagriff was charged with possession of cocaine on April 23, 2003. Mr. Vandagriff had previously been charged with possession of cocaine June 7, 2001, and sentenced to two (2) years in a state jail facility.  He had

19

> also been charged and convicted of possession of cocaine on October 15, 1984, placed on probation and revoked on January 13, 1988.
>
> When Mr. Vandagriff made his initial appearance in the 179th district court, he was not facing a punishment range of just 2 years to 10 years in prison. With two prior felony convictions, his punishment range increased to a 25 to 99 year prison range. Mr. Vandagriff was considered a habitual offender.

(Docket Entry No. 1, Ex. A at I). Vandagriff argues that this is proof that Godinich provided incorrect advice prior to the guilty plea because a state jail felony cannot be used to enhance a third degree felony to a sentencing range of twenty-five years to life.

Even assuming that the letter documents a misunderstanding about the effect of Vandagriff's prior state jail felony, it does not clearly demonstrate deficient performance. The letter, written in connection with a grievance proceeding, does not purport to present a complete picture of the advice given by Godinich during the guilty plea proceeding. The letter does not address Vandagriff's related claim that the prosecutor improperly threatened to use out-of-state felony convictions from Florida to enhance the sentence. In that regard, the letter does not indicate whether Godinich's belief that Vandagriff met the criteria for punishment as a habitual offender was also based on his client's extensive criminal record in Florida. Vandagriff does not dispute that the prosecutor knew about at least one felony conviction from Florida for burglary in 1989, and that the prosecutor was also threatening to use that felony conviction as an enhancement. According to Godinich's letter, the prosecutor in Vandagriff's case agreed to offer a plea agreement for 18 years' imprisonment

after "a great deal of negotiating," which surely involved mention of Vandagriff's felony offenses from Florida.

Vandagriff concedes that the correct range of punishment for the offenses alleged in the complaint was two to twenty years imprisonment and that he was sentenced within that range. Regardless of whether Vandagriff was misinformed about the effect of his prior state jail felony conviction, Vandagriff's felony convictions from Florida were clearly available to enhance his level of punishment to habitual offender status. "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Fretwell*, 506 U.S. at 372. Because Vandagriff would have been eligible for punishment as a habitual offender if the State had elected to amend the charging instrument to include one or more of his out-of-state felony convictions—a step easily taken given that no indictment had yet been filed— Vandagriff fails to show that his attorney erred by considering him a habitual offender. Under these circumstances, Vandagriff fails to demonstrate that his attorney's performance rendered the proceeding fundamentally unfair or that he suffered actual prejudice as the result of any deficient performance.

Vandagriff has not shown that he was misinformed about whether he was eligible for punishment as a habitual offender. Vandagriff has further failed to demonstrate that the state court's decision to reject his claims was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent. Accordingly, Vandagriff is not entitled to federal habeas corpus relief on his claim that he received ineffective assistance of counsel

during his guilty plea because he received incorrect information about the potential range of punishment.

## IV.   CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the AEDPA, codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed.  *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997).  "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, — U.S. —, 124 S. Ct. 2562, 2569 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336.  Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the

petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has carefully considered all of the pleadings and the entire record. Based on this review, and for the reasons set forth above, the Court concludes that jurists of reason would not debate whether any of the procedural rulings are correct, or whether any assessment of the above-referenced constitutional claims is debatable or wrong. Because the petitioner has failed to make "a substantial showing of the denial of a constitutional right," a certificate of appealability will not issue in this case.

## V.   CONCLUSION

The petitioner has failed to establish a legal basis for the relief that he seeks. Accordingly, for all of the foregoing reasons, the Court **ORDERS** as follows:

1.   The respondent's motion for summary judgment (Docket Entry No. 15) is **GRANTED**.

2.   The petitioner's motion to expand the record (Docket Entry No. 16) is **GRANTED**.

3.   To the extent that the petitioner has filed a "motion" setting out objections to the state court records presented by the respondent in this case (Docket Entry No. 19), that motion is **DENIED**.

4.   The petition for a writ of habeas corpus under 28 U.S.C. § 2254 is **DENIED** and this case is **DISMISSED** with prejudice.

23

5.      A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on **April 20, 2005**.

Nancy F. Atlas
United States District Judge